IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|||
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   CRIM. NO.  JKB-16-0429 |
| DARRYL SCOTT, | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

The Defendant Darryl Scott was sentenced to a period of 135 months' imprisonment after being found guilty of conspiracy to distribute and possess with intent to distribute a mixture containing Cocaine Base.  (ECF No. 277.)  Scott is currently incarcerated at FCI Loretto.  He has now filed a Motion for Compassionate Release (ECF No. 395) and an Emergency Motion for Compassionate Release (ECF No. 404) in light of the COVID-19 Pandemic Crisis.  *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020.) The Government opposes these motions.  (ECF No. 411.)  No hearing is necessary.  *See* Local Rules 105.6, 207 (D. Md. 2018).  For the reasons set forth below, the motions will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Scott filed multiple requests with the

1

warden of his institution for compassionate release, which were either ignored or denied, and his appeal of the denial was also denied on June 1, 2020. (*See* ECF No. 406 at 2). The Government does not dispute that Scott has satisfied the procedural requirements of § 3582(c)(1)(A). (*See* ECF No. 411 at 2.) Therefore, the question facing the Court is whether Scott has provided evidence establishing the existence of "extraordinary and compelling" reasons for his release.

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). This Court and many others have determined that under the First Step Act, "BOP is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and that courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). This Court likewise has held that

"medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id. See also*, *United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish his entitlement to compassionate release by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

The totality of the circumstances does not establish extraordinary and compelling reasons for compassionate release. Scott has identified medical conditions which, in spite of his relatively young age, increase his risk of severe illness should he contract COVID-19. Scott suffers from high blood pressure, is borderline diabetic and overweight, and possibly has sleep apnea. (*See* ECF No. 406 at 12.) The CDC has confirmed diabetes and obesity are associated with a heightened risk of severe illness from COVID-19 and has found that hypertension, or high blood pressure, might enhance an individual's risk of severe illness as well. *See* Coronavirus Disease 2019 (COVID-19): People Who Are at Increased Risk for Severe Illness, CTRS. FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed July 16, 2020). These medical conditions weigh in favor of a finding of extraordinary and compelling reasons for release.

However, weighing against a finding of extraordinary and compelling reasons for release is the fact that there are currently no confirmed active cases of COVID-19 among inmates or staff at FCI Loretto. *See* COVID-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed July 16, 2020). Also weighing against release is the fact that Scott has served only roughly 36 months of a 135-month sentence for a serious crime.

(See ECF No. 406 at 2.)  Collectively, these two factors outweigh Scott's medical conditions, and lead the Court to find that extraordinary and compelling reasons for release do not exist at this time.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Scott's legitimate concerns about his heightened risk.  However, the Court finds that both the current situation at FCI Loretto and the fact that Scott has served only a relatively small portion of his sentence weigh against judicial relief.  In light of these latter two considerations, Scott's Motion for Compassionate Release (ECF No. 395) and his Emergency Motion for Compassionate Release (ECF No. 404) are DENIED.  However, this denial is without prejudice to Scott's ability to make an updated request should conditions substantially change at FCI Loretto or a serious outbreak occur.  Additionally, the Court urges Scott to continue to pursue his administrative remedies with BOP.

DATED this 16th day of July, 2020.

BY THE COURT:

/s/

James K. Bredar
Chief Judge